IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE WEST VIRGINIA HIGHLANDS
CONSERVANCY,
Plaintiff,

v.   CIVIL ACTION NO. 2:00-1062

KEN SALAZAR, Secretary of the Department
of the Interior, and JOSEPH PIZARCHIK,
Director, Office of Surface Mining,
         Defendants, and

WEST VIRGINIA COAL ASSOCIATION,
         Intervenor-Defendant.

## Joint Status Report

After the August 5, 2011 status conference, the Court directed the parties to file a joint status report by August 25, 2011, addressing any matters affecting the second motion to reopen this case.

At its August 10, 2011, quarterly meeting, the Special Reclamation Advisory Council ("Advisory Council") agreed to contract with Pinnacle Actuarial Resources, the same firm which wrote the 2010 report, to prepare a new actuarial report.[1] The report will be due on December 31, 2011. The Advisory Council discussed other information that will be given to the actuary this year, including information on attenuation rates of acid mine drainage, the risk of future bond forfeitures, and projected future coal production. The Advisory Council expects that the actuary will be able to consider this information in time to issue its new report.

The Advisory Council heard presentations on the funding mechanisms of other states and is working with OSM to review alternate enforcement mechanisms.

---

[1] The minutes of this meeting are attached as Ex. A.

The Advisory Council also discussed progress made to secure reappointments of its members and fill vacancies.  On June 7, 2011 the governor appointed Christine Risch of the Marshall University Center for Business and Economic Research to fill the economist/actuary vacancy.  The citizen representative position remains vacant.  Other current members are serving on expired terms

I. **Plaintiff's Position**

Plaintiff contends that the Court should not delay reopening this case until the new actuarial report, and the Advisory Council's recommendations based on that report, are issued. Time is of the essence.  The fund is presently insufficient to satisfy expected liabilities and there is a shrinking window of opportunity to obtain the taxes necessary to make the fund sustainable on a long-term basis.  Last year, the actuary predicted the fund would become insolvent in only nine years.  That tipping point has become even earlier because costs have increased since then and revenue from coal production is projected to decline.  The fact that the fund will remain solvent for less than nine years shows the funding crisis that is rapidly developing.  The fund is insufficient to treat water in perpetuity and the situation worsens by the day. Revenue will decrease into the future as coal production declines.  Ex. B, George W. Hammond, Consensus Coal Forecast 2011 Update.  As the result of increased costs for water treatment for the 192 identified sites identified in a pending consent decree, liabilities of the Special Reclamation Fund are expected to increase.

The Advisory Council has already recommended a substantial increase in coal severance taxes to ensure the solvency of the Special Reclamation Fund based on the 2010 actuarial report. The 2010 actuarial report reflected declining coal production (though not as severe as projected

by the 2011 draft Consensus Coal Forecast) and more realistic rates of return on investments in light of the 2008 financial crisis. These realities were not reflected in the 2008 report. The Legislature's failure to act on that recommendation is sufficient to reopen this action. The new actuarial report will only show increased need for additional revenue. While the Advisory Council has heard presentations on alternate funding sources they have not investigated the impact of these sources on West Virginia. There will always be new information around the corner. There is no prospect, however, that any of that new information will eliminate the fund's projected shortfall. Every day that passes makes it more difficult to create a sustainable fund that is sufficient to cover long-term and increasing liabilities.

## II. Federal Defendants' Position

Federal Defendants believe that it is premature for the Court to reopen this matter prior to the end of the 2012 legislative session. First, the SRF is projected to remain solvent for nine more years so there is no threat of insolvency in the near term. Second, the Advisory Council is in the process of contracting for an actuarial study that will include the cost of treatment to NPDES water quality standards for the bond forfeiture sites and projected revenues from future coal production. That actuarial study should be complete by December and will inform the Advisory Council's report to the 2012 legislature. There is simply no reason to reopen this case before the new actuarial study is complete and the 2012 legislature has considered the Advisory Committee's recommendation.

## II. West Virginia Coal Association's Position

In addition to the comments of the Federal Defendant set forth above, the WVCA asserts that the 2011 legislature's failure to adopt the recommended tax increase proposed by the

SRFAC was justified.  The SRF had a substantial cash balance ($63 million) and no near term threat of insolvency.  The actuarial study on which the recommendation was based is a closed end study considering only revenues generated with respect to existing permits.  In the 2008 Actuarial Valuation of Special Reclamation Fund, different actuaries, Hay Group, Inc. and Tiller Consulting Group, Inc., examined several scenarios.  One scenario included a total tax of 14 cents per ton coupled with an assumption that permits would continue to be issued in the future.  The actuaries' calculations indicated that the 14 cent per ton (which is .4 cents less than the current rate) would maintain solvency of the funds through 2030 with strong fund balances.  Therefore, when future permits are considered, there is no need to reopen the case.  WVCA will request that the 2011 actuarial study include future permits.


/s/ J. Michael Becher\
J. MICHAEL BECHER, W.Va. Bar No. 10588\
JOSEPH M. LOVETT\
Appalachian Mountain Advocates\
P.O. Box 507\
Lewisburg, WV 24901\
Telephone:  (304) 382-4798

JAMES M. HECKER\
Public Justice\
1825 K Street, N.W., # 200\
Washington, D.C. 20006\
(202) 797-860\
*Counsel for Plaiuntiffs*

 /s/ Ruth Ann Storey\
RUTH ANN STOREY\
Trial Attorney\
U.S. Department of Justice\
Environment & Natural Resources Div.\
Natural Resources Section\
P.O. Box 663\
Washington, D.C. 20044-0663\
(202) 305-0493\
*Counsel for the United States*

 /s/ James R. Snyder\
JAMES R. SNYDER, W.Va. Bar No. 3504\
JACKSON KELLY PLLC\
1600 Laidley Tower\
Post Office Box 553\
Charleston, West Virginia 25322\
*Counsel for West Virginia Coal Association*

## CERTIFICATE OF SERVICE

I, J. Michael Becher, hereby certify that on August 25, 2011, I filed the foregoing document with the court using CM/ECF which will send notification of such filing to the following CM/ECF participants:

Blair M. Gardner  
Jackson Kelly PLLC

Robert G. McLusky  
Jackson Kelly PLLC

James R. Snyder  
Jackson  Kelly PLLC

Brian A. Glasser  
Bailey & Glasser LLP

Stephen M. Horn  
United States Department of Justice

Ruth Ann Storey  
United States Department of Justice

Jim Hecker  
Public Justice

Joe Lovett  
Appalachian Mountain Advocates

/s/ J. Michael Becher  
J. Michael Becher, W.Va. Bar No. 10588  
Appalachian Mountain Advocates  
P.O. Box 507  
Lewisburg, WV 24901  
Telephone:  (304) 382-4798  
Email:  mbecher@appalachian-center.org